

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 8:06-cr-00015-T-26MSS

KETAN PATEL

## PLEA AGREEMENT

A.    **Particularized Terms**

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Paul I.

Perez, United States Attorney for the Middle District of Florida, and the defendant,

Ketan Patel, and the attorney for the defendant, William M. Pearson, mutually agree as

follows:

1.    Count Pleading To

The defendant shall enter a plea of guilty to Count One of the Information.

Count One charges the defendant with conspiracy, in violation of 18 U.S.C. § 371.

2.    Maximum Penalties

Count One carries a maximum sentence of 5 years imprisonment, a fine

of $250,000, a term of supervised release of not more than 3 years, and a special

assessment of $50 per felony count for offenses committed prior to April 24, 1996,

$100 per felony count thereafter; for organizations the amounts are "$200" and "$400"

respectively, said special assessment to be due on the date of sentencing.  With

respect to certain offenses, the Court shall order the defendant to make restitution to

Defendant's Initials  _K P_

12/20/05

AF Approval _____

any victim of the offense, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense, or to the community, as set forth below.

3.   Elements of the Offense

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

First:      That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the information;

Second:   That the Defendant, knowing the unlawful purpose of the plan, willfully joined it;

Third:     That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the methods (or "overt acts") described in the information; and

Fourth:   That such "overt act" was knowingly committed at or about the time alleged in an effort to carry out or accomplish some object of the conspiracy.

4.   No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

Defendant's Initials _*KP*_              2

12/26/05

5.  <u>Mandatory Restitution to Victim of Offense of Conviction</u>

Pursuant to 18 U.S.C. §§ 3663A(a) and (b), defendant agrees to make full restitution as directed by the court.

6.  <u>Acceptance of Responsibility - Three Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant complies with the provisions of USSG §3E1.1(b), the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

7.  <u>Low End</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a sentence at the low end of the

Defendant's Initials _____/L·P_____          3

12/24/05

applicable guideline range, as calculated by the Court. The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

8.      Cooperation Complete-Substantial Assistance Motion to be Filed

At the time of sentencing, the United States will file a motion for a departure from the applicable sentencing guideline range, pursuant to USSG §5K1.1, recommending that the defendant receive a 4-level downward departure, or for the imposition of a sentence below a statutory minimum pursuant to 18 U.S.C. § 3553(e), or both, for providing substantial assistance to the government in the investigation and prosecution of another person who has committed an offense.

9.      Use of Information - Section 1B1.8

Pursuant to USSG §1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG §1B1.8(b).

10.     Cooperation - Responsibilities of Parties

a.      The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime. However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

Defendant's Initials ___*KP*___          4

12/16/05

b.      It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

(1)      The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(2)      The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement.  With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States

Defendant's Initials _KP_                    5

12/26/05

may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3)     The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)     The government may use against the defendant its own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5)     The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

11.     <u>Cooperation - Family Member</u>

While defendant agrees to cooperate fully with the United States, the United States will not require defendant to testify against family members on direct examination at trial.  However, defendant understands that it may be asked on cross-

Defendant's Initials __*KP*__                    6

12/26/01

examination or rebuttal about the criminal activities of family members and understands and agrees to fully and truthfully answer any such questions.

## B.   Standard Terms and Conditions

### 1.   Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1) (limited to offenses committed on or after April 24, 1996); and the Court may order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663 (limited to offenses committed on or after November 1, 1987) or § 3579, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. On each count to which a plea of guilty is entered, the Court shall impose a special assessment, to be payable to the Clerk's Office, United States District Court, and due on date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

### 2.   Supervised Release

The defendant understands that the offense to which the defendant is pleading provides for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

Defendant's Initials  7

3.  Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies.  The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit, upon execution of this plea agreement, an affidavit reflecting the defendant's financial condition.  The defendant further agrees, and by the execution of this plea agreement, authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office or any victim named in an order of restitution, or any other source, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.

4.  Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement.  The Court may accept or reject the agreement, or defer a

Defendant's Initials _____*KP*_____          8

decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

5.      Appeal of Sentence-Waiver

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the

Defendant's Initials  9

Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

6.    Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

7.    Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

8.    Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction

Defendant's Initials     10

with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

9.    Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt:

Defendant's Initials _____          11

## FACTS

Beginning in or about October 2001, and continuing through in or about April 2003, Devan and Ketan Patel, conspired with each other and with others both known and unknown to the Office of the United States Attorney to violate the laws of the United States, to wit: Title 21, United States Code, Sections 331, 333, and 353.

In February 2002, defendants Devan and Ketan Patel were brothers who were qualified and licensed pharmacists. During all times relevant to the Information, the Patel brothers operated a licensed pharmacy on Long Boat Key in the Middle District of Florida.

In early 2002, as a result of certain business reversals, the brothers began to explore methods by which they could reduce their operating costs. Eventually, the defendants made a connection with individuals in New Jersey, who claimed that they could sell prescription drugs at costs which were significantly below wholesale.

As licensed pharmacists, both Devan and Ketan Patel were well aware that Title 21, United States Code, Section 353(b) (hereinafter, Section 353) outlined the only lawful method for the proper distribution of prescription drugs within the United States. Moreover, both defendants also knew that they were not permitted to sell drugs that were "misbranded". Because of their training and experience both Devan and Ketan Patel well knew that the sale of the prescription drug, outside the parameters described in Section 353 would amount to selling a "misbranded" pharmaceutical.

In any event, it was clear to both brothers that the removal of prescription drugs from a sample case for sale in bulk was a serious violation of Federal Statutes. They

Defendant's Initials _＿＿＿＿＿＿        12

knew this fact when they began to interact with their co-conspirators in New Jersey, and they were aware throughout the conspiracy.

All in all, the Patel brothers engaged in five separate transactions with the co-conspirators in New Jersey. In each case, the defendants received large bags of prescription drugs, which they believed had been unlawfully pulled from sample packages. The defendants spent no more than $80,000 - $85,000 on these five purchases. After deducting the costs of procuring the drugs, they realized no more than $75,000 - $80,000 in profits.

While neither brother ever believed that the drugs that they were buying from their accomplices in New Jersey were counterfeit, they physically and visually examined all of the drugs that they illegally procured as a precaution. There is no evidence, whatsoever, that the Patel brothers ever obtained counterfeit or defective drugs from their co-conspirators.

After obtaining the unlawfully packaged and "misbranded", sample prescription drugs, on three occasions the defendants inserted the illegal items into the legitimate inventory in their Long Boat Key pharmacy. Thereafter, they would unlawfully dispense the drugs to their customers, a few at a time. In order to hide the fact that they were inserting misbranded drugs into their inventory, the defendants made false and fraudulent entries into their books and records.

In July 2003, when first approached by agents of the Food and Drug Administration, the defendants waived all of their rights and began to cooperate immediately. Both brothers worked very hard to help the Federal Agents investigate and prosecute the co-conspirators in New Jersey.

Defendant's Initials ___/*P*___          13

In fact, Devan Patel assisted the Federal Law Enforcement effort by agreeing to work undercover. He participated in an important buy/bust in New Jersey, in which he actually risked serious injury and grievous bodily harm. His courageous assistance, and that of his brother, Ketan, resulted in the successful prosecution of four (4) co-conspirators in New Jersey.

10.    Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

11.    Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this __12__ day of __27th_____, 2005.

PAUL I. PEREZ
United States Attorney

By: _____

KETAN PATEL
Defendant

ERNEST F. PELUSO
Assistant United States Attorney

WILLIAM M. PEARSON
Attorney for Defendant

ROBERT T. MONK
Assistant United States Attorney
Deputy Chief, General Crimes